## 10037

### SULLIVAN v. SULLIVAN POWER CO.

(96 S. E. 405.)

1. TRIAL—INSTRUCTIONS—REQUESTS.—In the absence of a requested mod ification, a charge that damages to land by the erection of a dam is the value before and after the erection will not be deemed misleading, because it failed to say "immediately before."

2. WATERS AND WATERCOURSES—DAMS—INJURY TO LANDS—INSTRUCTIONS. —A charge that the damages to land by the erection of the dam is the value before and after the erection is not objectionable as allowing damages for loss of crops.

Before MAULDIN, J., Laurens, Fall term, 1917. Affirmed.

Action by Helen E. Sullivan against the Sullivan Power Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Dial & Todd,* for appellant, cite: *As to measure of damages:* 8 R. C. L. 481, and cases cited; 105 Pac. 1070; 28 L. R. A. (N. S.) 968; 81 S. C. 554; 84 S. C. 399.

*Messrs. Richey & Richey* and *Simpson, Cooper & Babb,* for respondent.

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's statement: "This action was commenced in 1917, and tried at the November term of the Court of Common Pleas for Laurens county, before Judge T. J. Mauldin, and a jury, and resulted in a verdict for the plaintiff of $800. The action was for damages to a tract of land owned by the plaintiff for backwater. The land was owned from July, 1911, until June, 1913, by T. Q. Sullivan, the husband of the plaintiff, and from that time until November, 1913, by Milford & Brock, and from then until the trial and since by the plaintiff. A part of this tract, containing 217 acres, more or less, situated on Horse Creek, about one mile or one and a quarter miles above the site of the defendant's dam and power plant at Tumbling Shoals, on Reedy River, in Laurens county, consisted of bottom land. It was alleged that this land was in cultivation prior to the time when the defendant made its development and ponded the waters in Reedy River. The complaint also alleged that the prior owners of the land had transferred and assigned their interest in any claim for damages to the tract of land to the plaintiff. The answer of the defendant was a general denial.

"On the trial of the cause the plaintiff offered evidence to prove all the material allegations of her complaint. This evidence tended to show ownership of the tract, the number of acres in the bottoms on Horse Creek, the portion thereof which was flooded by backwater, and the other alleged injuries thereto, the kind of crops harvested therefrom and the uses made of the land otherwise, and the date when the defendant commenced to erect its dam and develop the shoals. Work on the dam was commenced in the fall of 1911, and it was not completed until about December, 1912.

This was testified to by plaintiff's witnesses, as well as by the defendant's.    T. Q. Sullivan, husband of the plaintiff, testified that the dam was completed in the fall of 1912.    W. D. Sullivan, Jr., testified that the dam was not closed until 1913. J. F. Harney, a witness for the defendant, testified that the dam was closed in the winter of 1912, in December, and permanently closed in the spring of 1913.    It was undisputed that the plaintiff's tract of land was something like a mile or more above the site of the defendant's dam on Horse Creek, a tributary of Reedy River."

1. There are three exceptions.    The first exception is: "(1) Because the presiding Judge erred, it is respectfully submitted, in charging the jury as follows: 'Now, Mr. Foreman and gentlemen, 'as to the measure of damages here, I charge you as a matter of law that when you go to take up the consideration of this case, if you find that the defendant is liable to damages here, and if you find that the acts complained of in this complaint are the proximate cause of damages to the plaintiff in this action, then you must determine what was the value of that land at the time of the commencement of the erection of that dam, before there was any intervention on behalf of the defendant, find the value of the land in question at the time of the commencement of the erection of that dam, then you determine what were the damages to that land, if any, past, that is, before the commencement of this action, present and future damages.    In other words, you take into consideration, in order to determine what are the damages here, what are the damages in contemplation of the acts of the defendant here with reference to past, present and future injury to the plaintiff, if any.    You take into consideration what was the actual value of the property at the time of the erection of the dam and what is the value thereafter due to the acts of the defendant, as the proximate cause of any deterioration thereof, if there was any deterioration thereof, and

you will do that in contemplation of past damages, present damages and future damages.' "

The plaintiff alleged that she had taken an assignment of her predecessor's right of action for damages. No question is made as to the validity of that assignment. The plaintiff, therefore, must be treated as the owner of the land from commencement of the erection of the dam. His Honor charged the jury that the measure of damages was the difference in the value of the land before and after the erection of the dam, if there was a loss in value caused by the erection of the dam. The appellant claim that his Honor should have said "immediately before." If that statement was misleading, and we do not think it was, then the appellant should have requested the modification. The exception cannot be sustained.

2. The second exception complains of error in not granting a new trial on account of the alleged error in exception No. 1. We have just seen that there was no reversible error. This exception cannot be sustained.

3. The last exception complains of error, in that his Honor allowed damages for the loss of crops. The charge confined the damages to the land, and this exception cannot be sustained.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE GAGE did not sit.